**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Will Gonzalez-Castro,[1]

Petitioner

v.

Chief Counsel for the District of Nevada DHS ICE, et al.,

Respondents

Case No.: 2:26-cv-01410-JAD-MDC

**Order Granting Motions for Leave to File Second Amended Petition and for Limited Discovery, and Denying Motions to Seal**

[ECF Nos. 11, 15, 24, 28, 29]

Petitioner Will Gonzalez-Castro seeks his release from immigration custody at Nevada Southern Detention Center (NSDC). In his counseled amended petition, he raised one claim alleging that the respondents' failure to protect Gonzalez-Castro from another inmate amounts to unconstitutional punishment in violation of the Fifth Amendment.[2] He now seeks leave to file a second amended petition to add a claim alleging that the government's failure to provide him with an initial custody determination rendered his detention unlawful from its inception.[3] Gonzalez-Castro moves to file both petitions under seal, contending that his failure-to-protect claim involves allegations of sexual assault.[4] Following his lead, respondent John Mattos moves to seal his response to the first amended petition because it also discusses those allegations.[5] And Gonzalez-Castro moves for limited discovery to obtain documents from NSDC related to

---

[1] The Clerk of Court is directed to update the caption to reflect that the petitioner's name is Will Gonzalez-Castro, not Wui Gonzalez-Castro. *See* ECF No. 15 at 1.

[2] ECF No. 12.

[3] ECF Nos. 28, 30.

[4] ECF Nos. 11, 29.

[5] ECF Nos. 24, 25.

his sexual-assault allegations.[6] I grant Gonzalez-Castro's motions for discovery and for leave to file his second-amended petition, but I deny the motions to seal.

## Discussion

### A. Gonzalez-Castro's motion for limited discovery is granted.

I grant Gonzalez-Castro's motion for limited discovery because no respondent opposed it, and under this district's local rules, "[t]he failure of an opposing party to file points and authorities in response to any motion," with two exceptions not relevant here, "constitutes a consent to the granting of the motion."[7] Rule 6 of the Rules Governing Section 2254 Cases, which I apply to this § 2241 action,[8] also permits a habeas petitioner to conduct discovery if he shows good cause, and I find that Gonzalez-Castro has met that standard here. So I order respondent John Mattos to produce to counsel for Gonzalez-Castro "all documents related to [Gonzalez-Castro's] reports of sexual harassment and assault while detained at [NSDC], all documents related to the Prison Rape Elimination Act investigation conducted with respect to Gonzalez-Castro's reports of sexual harassment and assault while detained at NSDC, and all documents related to allegations of sexual harassment and/or assault against detainee Armando Chavez from the period of his detention at NSDC."[9]

### B. Gonzalez-Castro's motion for leave to file a second amended petition is granted.

I also grant Gonzalez-Castro's motion for leave to file his second-amended petition. The federal respondents do not oppose that motion, and Mattos opposes simply because he believes

---

[6] ECF No. 15.

[7] L.R. 7-2(d).

[8] *See* Rule 1(b) of the Rules Governing Section 2254 Cases (stating that "[t]he district court may apply any or all of these rules to a habeas corpus petition not covered by" § 2254).

[9] ECF No. 15 at 2.

that the failure-to-protect claim raised in the first amended petition—and preserved in the second amended petition—should be dismissed. I find that Mattos meets the low standard to permit amendment at this early stage in the proceedings, and judicial efficiency will not be served by piecemeal resolving Gonzalez-Castro's claims. Briefing on that claim may also materially change because I have now granted limited discovery. So Gonzalez-Castro's second amended petition supersedes his first, and I direct the respondents to file a response to that petition within 20 days. Gonzalez-Castro's reply will be due 7 days after the latest response is filed.

**C. The motions to seal are denied.**

I deny all pending motions to seal. "The public has a 'general right to inspect and copy public records and documents including judicial records and documents.'"[10] "Although the common law right of access is not absolute, '[courts] start with a strong presumption in favor of access to court records.'"[11] "A party seeking to seal judicial records can overcome the strong presumption of access by providing 'sufficiently compelling reasons' that override the public policies favoring disclosure."[12] "When ruling on a motion to seal court records, the district court must balance the competing interests of the public and the party seeking to seal judicial records."[13] And "the mere fact that the production of records may lead to a litigant's

---

[10] *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012) (quoting *Nixon v. Warner Commcns., Inc.*, 435 U.S. 589, 597 (1978)).

[11] *Id.* (quoting *Foltz v. St. Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

[12] *Id.* (quoting *Foltz*, 331 F.3d at 1135). Gonzalez-Casto acknowledges that the compelling-reasons standard for dispositive motions—and not the lesser good-cause standard for non-dispositive motions—applies here. *See* ECF No. 15 at 2.

[13] *Id.* (citing *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)).

embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records."[14]

Gonzalez-Castro moves to seal his petitions and their exhibits because they "contain sensitive details regarding a sexual assault incident, [his] mental health symptoms, and his medical treatment."[15] But none of the records sought to be sealed contain medical records or documents traditionally kept sealed under the compelling-reasons standard. Gonzalez-Castro instead seeks to seal his factual allegations related to the assault and the fact that he requested psychological care. Gonzalez-Castro put those facts at issue when he filed a habeas petition based largely on them.[16] So I do not find that Gonzalez-Castro has shown compelling reasons to keep his petitions sealed. And because Mattos's response merely repeats some of the same allegations and its exhibits reference them as well, those documents aren't entitled to remain sealed either. I thus deny the pending motions to seal. Gonzalez-Castro may seek to seal any exhibits that contain medical or mental-health records, but this court will not seal his allegations alone merely because they relate to sensitive topics.

**Conclusion**

IT IS THEREFORE ORDERED that petitioner Will Gonzalez-Castro's motion for limited discovery **[ECF No. 15] is GRANTED.** Respondent John Mattos must provide the discovery requested in that motion by **August 17, 2026.**

---

[14] *Kamakana*, 447 F.3d at 1179.

[15] ECF No. 29 at 2.

[16] *See, e.g.*, *Coppinger v. Don Sanderson Ford Inc.*, 2025 WL 1000738, at *2 (D. Ariz. Apr. 3, 2025) (denying motion to seal because the plaintiff "put the circumstances of her alleged sexual assault at issue by filing the complaint, so she cannot now claim a privacy interest in those details"); *Shapiro v. Hasbro Inc.*, 2016 WL 9137526, at *3 (C.D. Cal. July 20, 2016) (denying motion to seal because the party "put these documents at issue in the litigation and thus fails to make a particularized showing of compelling reasons to file [them] under seal").

IT IS FURTHER ORDERED that Gonzalez-Castro's motion for leave to file his second-amended petition **[ECF No. 28] is GRANTED.** The petition docketed at ECF No. 30 is now the operative petition. **The respondents must file a response to the petition by August 27, 2026. The reply is due on September 3, 2026.**

IT IS FURTHER ORDERED that the motions to seal **[ECF Nos. 11, 24, 29] are DENIED.** The Clerk of Court is directed to **REMOVE THE SEAL** from ECF Nos. 12, 14, 25, 30, and 32.

U.S. District Judge Jennifer A. Dorsey
August 10, 2026